JiBOWES, Judge.
Defendant, Dora Maria Vargas Cobb, appeals from a judgment granting a divorce in favor of plaintiff, James L. Cobb. We annul and set aside the judgment granting a divorce, and remand the matter for further proceedings.
The record reflects that on July 26, 1995, Mr. Cobb filed his petition for divorce pursuant to La.C.C. art. 102. Included in that petition was a rule to show cause, which was set for February 8, 1996.
On January 3, 1996, the trial court rendered judgment granting alimony to the defendant, wife. The judgment also maintains an exception of lis pendens to a suit for divorce filed by Mrs. Cobb; however, the pleadings of that suit are not in the record before us.
The rule to show cause was not heard on February 8, 1996. On February 9, 1996, Mr. Cobb filed a pleading entitled “Motion to Set Pre-trial.” However, the body of the pleading reveals that the pleading is actually a motion to set for trial on the merits. The trial court granted the motion and set the matter for hearing on March 5,1996.
At the start of the trial on March 5th, the attorney for Mrs. Cobb lodged an objection to the court proceeding on with the case. She alleged that the requirements of La.C.C. art. 102, La.C.C.P. art. 3952, and La.C.C.P. art. 3953, cited infra, had not been met in that plaintiff had not filed a rule to show cause one hundred eighty days after the filing of the petition for divorce. Therefore, any divorce granted would be null and void.
Mr. Cobb argued that Mrs. Cobb’s actions in filing her own divorce suit, in which she alleged that the parties had reconciled after the filing of the divorce petition in July, converted the present action from an action for an uncontested action for divorce (filed pursuant to La.C.C. art. 102) to a contested action for divorce, presumably falling within the scope of La.C.C. art. 103.[1]
The trial judge overruled Mrs. Cobb’s objection and found that La.C.C.P. art. 3952 was procedural in nature; therefore, he ruled that the case | ¿ivas set for trial on the merits as to whether the parties had been living separate and apart for six months.
At the trial, Mr. Cobb testified that he and defendant had lived apart for over 180 days. Mark Torrence testified that he saw Mr. Cobb three or four times a week and every weekend, and that he believed that the plaintiff and defendant had not reconciled or lived as husband and wife. The trial judge asked Mrs. Cobb if she wanted the divorce and she shook her head negatively.
*344 After the evidence was produced, the trial court rendered an oral ruling granting a divorce, and reserving Mrs. Cobb’s right to bring a rule for permanent alimony and a rule for partition of community property within ten days.
On March 14, 1996, the trial court signed a written judgment in conformity with his oral ruling of March 5, 1996. The written judgment granted defendant until March 15, 1996 to file her rules to show cause.
Defendant appeals from this ruling, and alleges that the judgment of divorce granted by the trial court is null and void. Appellant also alleges error in the trial court’s ruling-giving her until March 15, 1996 to file incidental motions.

ANALYSIS

Mrs. Cobb alleges that the divorce granted in this action is null and void for the failure of plaintiff to comply with La.C.C. art. 102, La.C.C. and articles 3952 and art. 3953, La. C.C.P.
|4La.C.C. art. 102 provides that:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.
La.C.C.P. art. 3952 provides that:
The rule to show cause provided under Civil Code Article 102 shall allege proper service of the initial petition for divorce, that one hundred eighty days or mare have elapsed since that service, and that the spouses have lived separate and apart continuously for the previous one hundred eighty days. The rule to show cause shall be verified by the affidavit of the mover and must be served on the defendant, the defendant’s attorney of record, or the duly appointed curator for the defendant prior to the granting of the divorce, unless the service is waived by the defendant.
La.C.C.P. art. 3953 provides in part that:
A judgment rendered under Civil Code Article 102 shall be an absolute nullity when:
(1) Less than one hundred eighty days have elapsed between service of the petition, or between execution of written waiver of service of the petition, and filing of the rule to show cause.
Furthermore, the comments to La.C.C. art. 102 provide that:
The rule to show cause required by this article is the sole means whereby a final judgment of divorce may be obtained under this article.
|sLa.C.C. art. 102, Comment (g).
In this case, a rule to show cause was filed contemporaneously with the petition for divorce, and was set for six months later. However, that rule was not heard; and plaintiff did not file a subsequent rule to show cause after the one hundred eighty day period from the filing of the petition had elapsed.
La.C.C. art. 102 and La.C.C.P. art. 3952 both require that the rule to show cause be filed one hundred eighty days after the filing of the petition. La.C.C.P. art. 3953 provides that failure to file the rule after the lapse of one hundred eighty days will cause the judgment of divorce to be an absolute nullity; and our Legislature has provided that:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word “shall” is mandatory and the word “may” is permissive.
La.R.S. 1:3; See also La.C.C.P. art. 5053.
Therefore, the judgment in this case, rendered pursuant to La.C.C. 102, is an absolute nullity. While it may be true that the requirement of the filing of the rule to show cause is “procedural,” as stated by the trial *345 court, it is equally true that such a procedure is made absolutely mandatory by the law of Louisiana and that any divorce granted pursuant to La.C.C. art. | r,102, and without compliance with the correct procedures as set forth in La.C.C.P. art. 3953, is not valid, and in fact, an absolute nullity.
We hold that the motion to set a pre-trial conference (or trial) filed by plaintiff is not sufficient to substitute for the legislatively mandated rule to show cause because it does not contain any of the required information set forth in La.R.S. 13:3492.[2]
|7Plaintiff argues that this divorce was not granted pursuant to La.C.C. art. 102, but was a contested divorce, which we presume would fall under La.C.C. art. 103. It appears to be plaintiffs contention that defendant’s actions, in filing a separate petition for divorce, converted the instant matter |8into an ordinary proceeding for divorce, as opposed to the summary proceeding allowed by La.C.C. art. 102; and that relief was granted only after a full trial on the merits. Accordingly, he argues that the failure to file a rule to show cause should not warrant a judgment annulling the judgment of divorce granted in this matter.
Initially, we note that there is nothing in the record to reflect that this matter was converted to an ordinary proceeding. Furthermore, as an ordinary proceeding, it appeal's that the trial court erred in setting the matter for trial because issue has never been joined since there is no answer in the record to plaintiffs petition for divorce. La.C.C.P. art. 1571. Finally, the evidence does not show that the parties were separated for six months after the petition was filed as required by La.C.C. art. 103, and, it is admitted in brief that the parties did not separate until the filing of the instant petition.
For the above reasons, we find that the judgment of divorce in this matter, rendered pursuant to La.C.C. art. 102, is an absolute nullity because of plaintiffs failure to comply with La.C.C.P. art. 3952. Accordingly, we annul and set aside that judgment, and remand the matter for further proceedings.
On remand, plaintiff is ordered to again file a rule to show cause, with the accompanying notice in the form required by La.R.S. 13:3492, or to cause the matter to be converted to an ordinary proceeding.
Because of our resolution of this assignment, we need not reach the additional allegation of error alleged by appellant.
| pFurthermore, we hold that our disposition of this case finding, that the divorce was *346 not properly granted does not affect the initial filing of the petition for divorce under La.C.C. art. 102.
JUDGMENT OF DIVORCE ANNULLED AND SET ASIDE; CASE REMANDED.

. La.C.C. art. 103 provides in part:
A divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date ⅛£ petition ⅛ filed[ ]

. La.R.S. 13:3492 states:
A notice of a rule to show cause under Civil Code Article 102 must be signed by the clerk of the court or his deputy issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the motion, order and rule to show cause; and must contain all of the following:
(1) The date of issuance.
(2) The title of the cause.
(3) The name of the person to whom it is addressed.
(4) The title and location of the court issuing it.
(5) The return date, time, and place.
(6) Statements to the following effect:
(a) The person served is being directed to appear and show cause why a divorce should not be granted to his spouse.
(b) The necessity for the lapse of one hundred eighty days from service of the petition of divorce upon the person or from the date the parties commenced living separate and apart, whichever is later.
(c) The person served is entitled to appear and oppose the divorce action and to file motions for incidental relief in the divorce proceeding, including motions for spousal support, child custody, and child support.
The statements required to appear in the notice shall provide substantially as follows:
ATTENTION
YOU ARE BEING SUED FOR FINAL DIVORCE. A JUDGMENT OF DIVORCE MAY BE RENDERED AGAINST YOU ON THE DATE SPECIFIED IN THE ATTACHED RULE TO SHOW CAUSE UNLESS YOU APPEAR AND OPPOSE THE RULE.
ONE HUNDRED EIGHTY DAYS MUST-HAVE PASSED SINCE YOU OR YOUR SPOUSE RECEIVED THE FIRST NOTICE OF THE DIVORCE ACTION OR ONE HUNDRED EIGHTY DAYS AFTER YOU AND YOUR SPOUSE PHYSICALLY SEPARATED, WHICHEVER OCCURRED LAST.
YOU MAY SEEK CUSTODY OF CHILDREN, AND MONEY FOR THEIR SUPPORT AND YOUR SUPPORT, AS WELL AS OTHER RELIEF TO PROTECT YOU.
IF YOU ARE UNSURE WHAT TO DO, YOU SHOULD IMMEDIATELY TALK WITH AN ATTORNEY ABOUT IT.